Abraham N. Geller, J.
Although the motion herein is for an order granting the defendants, charged with several related misdemeanors and an offense in the Criminal Court of the City of New York, “ the right to be tried before a jury,” the relief in fact sought is that set forth in subdivision (b) of section 32 of the New York City Criminal Court Act — that the Justice of a court having jurisdiction to try indictments within the judicial department where the trial would be had shall certify that it is reasonable that such charge of misdemeanor shall be prosecuted by indictment (with the right to jury trial).
There has been no attempt to show any ground in the facts or law applicable to the instant charge to support the required finding of such exceptional circumstances as would warrant a certification of reasonableness for prosecution by indictment of a misdemeanor. The application herein is based solely on the contention that there is a possibility that in the three-Judge trial, which may be had for misdemeanors pursuant to section 40 of the New York City Criminal Court Act, there may be a determination by two of them, which, pursuant to subdivision (4) of section 42 of that act, shall be the determination of the court. It is claimed by defendants that this provision authorizing a determination of a criminal charge by a nonunanimous court is unconstitutional.
Defendants rely upon dicta contained in a recent opinion involving a determination by two of the three Judges trying a *662 misdemeanor in the New York City Criminal Court. The actual holding, of course, in that case was to refuse to set aside the judgment.
The question as to the constitutionality of the statutory provision authorizing determination of a misdemeanor by two Judges of a three-Judge panel is not here involved. In effect, these defendants seek a jury trial without regard to the nature or type of misdemeanor charged, based on the possibility that there might not be a unanimous determination. Obviously, all defendants charged with misdemeanors could make a like application on such a ground.
It is the function of the Legislature, as provided in the Constitution (art. VI, § 18), to authorize any court of the State having ‘‘ jurisdiction over crimes and other violations of law, other than crimes prosecuted by indictment, to try such matters without a jury ”. To grant defendants’ motion for a jury trial on the basis here urged, equally applicable to all other defendants charged with misdemeanors, would mean a nullification of the provision in section 40 of the New York City Criminal Court Act, enacted pursuant to the aforesaid constitutional authorization, that all trials in that court, which has jurisdiction of misdemeanors and offenses, shall be without a jury.
Moreover, even assuming that the provision for a determination by two of the three-Judge panel might be held to be unconstitutional, the remedy would lie in some change in that provision and not in a wholesale granting of jury trials for misdemeanors. The remedy here invoked is a non sequitur to the possibility envisaged of a nonunanimous determination. Whatever relief may be afforded, assuming defendants might be entitled to relief, would be by appeal based on a claim of unconstitutionality of the nonunanimous determination and not because there was a trial without a jury.
The Legislature was clearly authorized in the Constitution to provide for nonjury trials as to the lesser crimes not prosecuted by indictment, and our courts may not act in derogation of that legislative function. The Legislature has made express provision for the exercise of discretion by a court having jurisdiction to try indictments when special circumstances make it reasonable that a misdemeanor be tried by indictment with the right to jury trial. In the absence of such a showing the application cannot be granted.
A procedural matter as to the time of service of the motion papers was raised, although not pressed. Section 32 of the New York City Criminal Court Act provides that an application by a defendant for such certificate shall be made upon at least two *663 days’ notice to the District Attorney. Bule IV (subd. 3, par. [g]) of Part 2 (Criminal Actions and Proceedings) of the Supreme Court Bronx and New York County Buies requires such motions to be made returnable at the Arraignment Part in the Supreme Court, which has been done. Subdivision 1 of that rule sets forth the general requirements and provides that, unless the court otherwise directs, moving and opposing papers for motions thereunder shall be served within the time prescribed by rule 2214 of the Civil Practice Law and Buies, which requires service of at least eight days for moving papers. However, insofar as the motion under paragraph (g) of subdivision 3 is concerned, the time of service of such motion papers is controlled by the specific provision therefor in the New York City Criminal Court Act, as a court rule may not be inconsistent with a governing statute. (See, also, CPLB, § 101 as to specific inconsistent statute.) A defendant may therefore proceed to make such application on two days’ notice to the District Attorney.
The application herein is denied.